**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-5141

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

GRATINIANO CASTILLO,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.   James C. Dever III,
District Judge. (7:07-cr-00128-D-1)

Submitted:  July 28, 2010          Decided:  August 16, 2010

Before WILKINSON and MOTZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

M. Gordon Widenhouse, Jr., RUDOLF, WIDENHOUSE & FIALKO, Chapel
Hill, North Carolina, for Appellant.   George E. B. Holding,
United States Attorney, Anne M. Hayes, Jennifer P. May-Parker,
Assistant United States Attorneys, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Gratiniano Castillo pled guilty to conspiring to distribute and possess with intent to distribute five kilograms or more of powder cocaine, in violation of 21 U.S.C. § 846 (2006). Although Castillo expressed a desire to withdraw his plea, the district court considered and denied that motion and sentenced Castillo to 480 months of imprisonment, within the advisory Guidelines range calculated at sentencing. Castillo timely appealed. On appeal, Castillo argues that the district court erred when it denied his motion to withdraw his guilty plea; he also seeks to challenge the length of his sentence. The Government filed an answering brief in which it requested that this court enforce the waiver provision in the plea agreement and dismiss Castillo's appeal of his sentence.

This court reviews a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Lambey, 974 F.2d 1389, 1393-94 (4th Cir. 1992). Fed. R. Crim. P. 32 provides that prior to sentencing, a district court may authorize the withdrawal of a guilty plea if the defendant shows a "fair and just" reason. A "fair and just" reason to withdraw a plea is one that "challenges either [1] the fairness of the Rule 11 proceeding wherein the defendant tendered, and the court accepted, the plea or [2] the fulfillment of a promise or condition emanating from the

2

proceeding." Lambey, 974 F.2d at 1394. In determining whether a defendant's proffered reason is "fair and just," the district court must balance six factors: (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

Here, the district court did not abuse its discretion when it denied Castillo's motion to withdraw his guilty plea. First, Castillo does not allege, nor does the record reflect, that the district court's Rule 11 colloquy was inadequate. Therefore, the district court was entitled to rely on its properly conducted plea colloquy and Castillo's statements made under oath. Moreover, the district court did not clearly err when it concluded that Castillo failed to present credible evidence showing that his plea was not knowing and voluntary. See Moore, 931 F.2d at 250 (clear error standard applies to district court's findings).

The district court carefully examined the Moore factors, but concluded that they did not weigh in favor of withdrawal. For example, although Castillo argued that he did not expect the probation officer to attribute such a large amount of cocaine to him, thereby exposing him to a harsh Guidelines sentencing recommendation, the district court specifically advised Castillo that he faced a potential sentence of 360 months to life imprisonment. The written plea agreement also notified Castillo of the potential for a life sentence. Finally, the court appointed a translator to ensure that Castillo understood the Rule 11 colloquy and the sentencing hearing.* Thus, we conclude that the district court did not abuse its discretion in evaluating the Moore factors. Accordingly, we affirm the district court's denial of Castillo's motion to withdraw his guilty plea.

Pursuant to a plea agreement, a defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Poindexter, 492 F.3d 263, 270 (4th Cir. 2007). To determine whether a waiver is knowing and intelligent, this

---

* Castillo is a native of Columbia who only speaks Spanish. The district court inquired whether Castillo would be able to understand the proceedings with the assistance of an interpreter, and Castillo responded that he would. Accordingly, the district court swore in a translator to translate court proceedings from English into Spanish on Castillo's behalf.

court examines "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted).

Generally, if the district court fully questioned a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. This court will enforce a valid waiver so long as "the issue being appealed is within the scope of the waiver." United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

Here, the plea agreement contained an appellate waiver as to Castillo's sentence. In relevant part, Castillo agreed:

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guidelines range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing.

On appeal, Castillo does not contend that his appeal waiver was not knowing and voluntary, nor does the record support such a conclusion.

Indeed, at the Rule 11 hearing, the district court specifically called attention to the appeal waiver. Castillo testified that he understood the terms of the agreement, including the appeal waiver, and that he had reviewed it with his attorney.  Therefore, we conclude that the appeal waiver is valid and enforceable.

On appeal, Castillo argues that the district court abused its discretion in imposing a harsh sentence; however, 480 months' imprisonment is within the recommended Guidelines range of 360 months to life imprisonment established at sentencing. Thus, Castillo's sentencing claim falls squarely within the scope of his valid appeal waiver.

Accordingly, we affirm Castillo's conviction and dismiss the appeal as to Castillo's sentencing challenge.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>